762 F.2d 1014
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
GARY WAYNE WILSON, PETITIONER-APPELLANT,
v.
JOHN D. REES, SUPERINTENDENT, KENTUCKY STATE REFORMATORY
LAGRANGE, KENTUCKY, RESPONDENT-APPELLEE.
 NO. 84-5607
 United States Court of Appeals, Sixth Circuit.
 3/27/85
 
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN D STRICT OF KENTUCKY
 BEFORE: MARTIN and JONES, Circuit Judges, and PORTER, District Judge.*
 PER CURIAM.
 
 
 1
 Petitioner, Gary Wayne Wilson, appeals the dismissal of his 28 U.S.C. Sec. 2254 habeas corpus petition. Upon consideration of the issues presented in this appeal, we affirm.
 
 
 2
 The September, 1979 Term of the Mason County Grand Jury included as jurors Daniel R. Hay, a police officer, and Samuel Bevard, a Probation and Parole Officer. Hay and the other jurors met once before October 16, 1979. On October 16, 1979, Hay was killed while investigating a burglary. Hay, therefore, was replaced by a substitute grand juror. On December 6, 1979, the Mason County Grand Jury returned an indictment against Wilson and charged him with Hay's murder and first degree burglary.
 
 
 3
 Wilson pled not guilty at his arraignment. Subsequently, he made several pretrial motions, which included a motion to quash the indictment. Wilson reasoned that Bevard was not a fair and impartial grand juror because he possessed knowledge about certain facts regarding the case and Wilson. Wilson reasoned further that the Grand Jury itself was not fair and impartial because Hay had been a member of the Grand Jury and because Bevard may have conveyed to the other jurors the facts that he knew about Wilson.
 
 
 4
 During an evidentiary hearing on his motion to quash, Wilson called Bevard as a witness. Bevard testified that he had discussed the facts of Hay's killing with Detective Shouse, an investigating officer who appeared as a witness before the Grand Jury. He also testified that he and a parolee, Allen Blankenship, discussed an incident in which Wilson supposedly shot Blankenship when Blankenship was 12 years old. Over Wilson's objections, the court refused to allow Bevard to testify as to whether he discussed the shooting with the other grand jurors, whether he advised them of the shooting, and whether he used that information in his personal deliberations. The state court concluded that the Grand Jury was not biased because the selection of the individual jurors was random and because all twelve jurors need not agree in order to indict. On February 20, 1980, therefore, the state court ordered the denial of Wilson's motion to quash.
 
 
 5
 Wilson's trial began on March 4, 1980. The jury returned a verdict that found Wilson guilty of first degree burglary and manslaughter. After his convictions were affirmed by the Kentucky Supreme Court, Wilson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 and alleged, in pertinent part, that he was denied due process of law since Bevard and Hay had been grand jurors. Subsequently, the respondent, John D. Rees, Superintendent of the Kentucky Reformatory, moved to dismiss the petition without an evidentiary hearing and the case was assigned to a magistrate who recommended denial of the petition. The magistrate reasoned, in pertinent part, that
 
 
 6
 The Fifth Amendment does not require the states to institute criminal prosecutions by means of an indictment returned by a grand jury. Rose v. Mitchell, 443 U.S. 545; 557 n.7 (1979), Watson v. Jago, 558 F.2d 330, 337 (6th Cir. 1977). However, even if a state adopts a grand jury system as Kentucky has, federal constitutional requirements, binding in federal criminal cases, are not binding in state criminal cases, id., except with respect to the composition of the grand jury on Equal Protection grounds. Carter v. Jury Commission, 396 U.S. 320, 330 (1970).
 
 
 7
 Here there is no allegation, express or implied, that the grand jury was improperly selected. Moreover, since even the federal constitution does not foreclose the grand jury from considering all sources of evidence, including their own personal knowledge, United States v. Calandra, 414 U.S. 338, 344 (1974), Branzburg v. Hayes, 408 U.S. 665, 701 (1972); Costello v. United States, 350 U.S. 359, 362 (1956), it cannot be said that the indictment against Wilson should have been quashed on federal constitutional grounds. Habeas relief on this ground is not warranted.
 
 
 8
 (emphasis in original). Wilson objected and cited Smith v. Phillips, 455 U.S. 209 (1982) for the proposition that he is entitled to an evidentiary hearing on the issue of grand jury bias. The district court overruled the objections, accepted the magistrate's report, and dismissed the petition for habeas relief. In so doing, the district court stated that Smith v. Phillips was not on point because 'it deals with due process safeguards required to prevent petite jury bias. [T]he two kinds of juries do not have the same concerns with respect to bias. As [the m]agistrate correctly note[d], the . . . Constitution does not foreclose a grand jury's use of personal knowledge . . ..' (brackets not in original).
 
 
 9
 In Watson v. Jago, 558 F.2d 330 (6th Cir. 1977) this Court stated that '[i]f a state adopts a grand jury system, federal constitutional requirements, binding in federal criminal cases are not binding on the states, . . . except with respect to the racial or national composition of grand juries . . .. Thus, with respect to amendments [of indictments], federal courts have viewed their legality as 'primarily a matter of state law.' Id. at 337 (emphasis and brackets added) (citations omitted). That language explicitly limits federal inquiry into a state grand jury to racial or national selection. Wilson contends that limitation arises only after the jury is found to be unbiased because in Costello v. United States, 350 U.S. 359 (1956) the Supreme Court held that '[a]n indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charge on the merits.' Id. at 363 (emphasis added). In support of that contention Wilson refers us to United States v. Adamo, 742 F.2d 927, 936 (6th Cir. 1984), cert. denied, ---- U.S. ----, 105 S. Ct. 971 (1985) for the proposition that "bias' as used in Costello, refers to a grand jury which is predisposed in one way or another at the time of selection.' That proposition, however, does not modify the language of Watson. Instead that language defines this Court's conception of the word bias 'to simply require that the system for selecting grand jurors be designed to eliminate bias before the grand jury's secretive proceedings begin.' Id. at n.5.
 
 
 10
 Hence, we are compelled to conclude that our inquiry concerning the Mason County Grand Jury is limited in time to the period of selection and limited in nature to the questions of racial or national composition. As the magistrate noted, Wilson has not alleged improper selection. His petition, therefore, was not wongfully dismissed.
 
 
 11
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable David S. Porter, Senior District Judge, United States District Court for the Southern District of Ohio, sitting by Designation